2019 IL App (4th) 170569

NO. 4-17-0569

FILED
August 22, 2019
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| CORNELIUS AMES, | ) | No. 01CF1027 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Leslie J. Graves, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court, with opinion.
Presiding Justice Holder White and Justice Steigmann concurred in the judgment and opinion.

## OPINION

¶ 1　　　　In April 2016, defendant, Cornelius Ames, filed his second motion for leave to file a successive postconviction petition. The State filed a response, asserting the motion should be denied. In November 2016, defendant filed a supplement to his second motion for leave to file a successive postconviction petition. That same month, the Sangamon County circuit court heard arguments on defendant's motion, and the court took the matter under advisement. In December 2016, the court entered an order denying defendant's second motion for leave to file a successive postconviction petition. Defendant filed a motion to reconsider, which the court denied in July 2017. Defendant appeals, contending the circuit court erred by allowing the State to respond to his second motion for leave to file a successive postconviction petition. We affirm.

¶ 2　　　　　　　　　　　　I. BACKGROUND

¶ 3        In November 2001, the State charged defendant with one count of home invasion (720 ILCS 5/12-11(a)(1) (West 2000) (text of section eff. June 1, 2001)), one count of aggravated battery (720 ILCS 5/12-4(a) (West 2000)), and four counts of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(2), (a)(3) (West 2000)) for his actions on November 5, 2001. A jury found defendant guilty as charged, and the circuit court sentenced him to consecutive prison terms of 28 years for home invasion and 6 years each on two of the counts of aggravated criminal sexual assault.

¶ 4        Defendant appealed and asserted the following: (1) evidence of another crime deprived him of a fair trial and (2) trial counsel rendered ineffective assistance by failing to object to prior consistent statements by the victim. We affirmed defendant's convictions and sentences. *People v. Ames*, 356 Ill. App. 3d 1145, 889 N.E.2d 815 (2005) (table) (unpublished order under Illinois Supreme Court Rule 23). Defendant filed a petition for leave to appeal, which the supreme court denied. *People v. Ames*, 216 Ill. 2d 694, 839 N.E.2d 1026 (2005) (supervisory order).

¶ 5        In September 2005, defendant filed *pro se* a petition for postconviction relief, raising numerous claims of ineffective assistance of trial and appellate counsel, as well as a claim he was denied his right to be confronted with the witnesses against him. One of his ineffective assistance of counsel claims was based on defense counsel's failure to move for independent expert analysis of deoxyribonucleic acid (DNA) removed from the scene. Another claim related to counsel's alleged refusal to allow defendant to testify at trial. The petition advanced to the second stage of the proceedings, and the State filed a motion to dismiss defendant's postconviction petition. After a September 2006 hearing, the circuit court granted the State's motion to dismiss. Defendant appealed, and this court affirmed the dismissal. *People v. Ames*,

379 Ill. App. 3d 1089, 957 N.E.2d 594 (2008) (table) (unpublished order under Illinois Supreme Court Rule 23). Defendant filed a petition for leave to appeal, which the supreme court denied. *People v. Ames*, 229 Ill. 2d 629, 897 N.E.2d 255 (2008) (supervisory order).

¶ 6 In September 2012, defendant filed his first motion for leave to file a successive postconviction petition, which the circuit court denied but allowed defendant to file an amended motion. In January 2013, defendant filed an amended motion for leave to file a successive postconviction petition, asserting, *inter alia*, his sentences for aggravated criminal sexual assault violated the proportionate penalty clause. Defendant also mentioned the State's DNA evidence and noted he would like to file a motion for forensic testing. After a May 2013 hearing, the court denied defendant's amended motion for leave to file a successive postconviction petition. Defendant appealed, and this court affirmed the circuit court's denial. *People v. Ames*, No. 4-13-0474 (Aug. 24, 2015) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 7 Defendant filed a second motion for leave to file a successive postconviction petition in April 2016. The next month, the State filed a response to defendant's motion, asserting the motion should be denied. On November 9, 2016, defendant filed a supplement to the second motion for leave to file a successive postconviction petition. Seven days later, the circuit court held a hearing on defendant's second motion to file a successive postconviction petition and its supplement. The court allowed the State to make arguments at the hearing. At the conclusion of the hearing, the court took the matter under advisement. In a December 5, 2016, docket entry, the court denied defendant's motion, noting defendant failed to establish cause for failing to raise this issue in his initial postconviction petition. The court also noted defendant did not file an affidavit in support of his claim.

¶ 8 On January 3, 2017, defendant filed a motion to reconsider the circuit court's

denial of his second motion to file a successive postconviction petition. The circuit court held a hearing on defendant's motion on July 12, 2017. The prosecutor was again present at the hearing and argued defendant's motion to reconsider should be denied. At the conclusion of the hearing, the court denied defendant's motion to reconsider.

¶ 9 On August 3, 2017, defendant filed a timely notice of appeal in sufficient compliance with Illinois Supreme Court Rule 606 (eff. July 1, 2017). See Ill. S. Ct. R. 651(d) (eff. July 1, 2017) (providing the procedure for appeals in postconviction proceedings is in accordance with the rules governing criminal appeals). Thus, we have jurisdiction of defendant's appeal under Illinois Supreme Court Rule 651(a) (eff. July 1, 2017).

¶ 10 II. ANALYSIS

¶ 11 Defendant appeals the denial of his second motion for leave to file a successive postconviction petition. When the circuit court has not held an evidentiary hearing, this court reviews *de novo* the denial of a defendant's motion for leave to file a successive postconviction petition. See *People v. Gillespie*, 407 Ill. App. 3d 113, 124, 941 N.E.2d 441, 452 (2010).

¶ 12 The Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 *et seq.* (West 2016)) contemplates the filing of only one postconviction petition. *People v. Bailey*, 2017 IL 121450, ¶ 15, 102 N.E.3d 114. Specifically, section 122-3 of the act (725 ILCS 5/122-3 (West 2016)) declares "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." Section 122-1(f) of the Postconviction Act (725 ILCS 5/122-1(f) (West 2016)) represents an exception to the waiver rule. *Bailey*, 2017 IL 121450, ¶ 15. It provides the following:

> "Only one petition may be filed by a petitioner under this Article
>
> without leave of the court. Leave of court may be granted only if a

- 4 -

petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2016).

Thus, for a defendant to obtain leave to file a successive postconviction petition, both prongs of the cause-and-prejudice test must be satisfied. *People v. Guerrero*, 2012 IL 112020, ¶ 15, 963 N.E.2d 909.

¶ 13        With a motion for leave to file a successive postconviction petition, the court is just conducting "a preliminary screening to determine whether defendant's *pro se* motion for leave to file a successive postconviction petition adequately alleges facts demonstrating cause and prejudice." *Bailey*, 2017 IL 121450, ¶ 24. The court is only to ascertain "whether defendant has made a *prima facie* showing of cause and prejudice." *Bailey*, 2017 IL 121450, ¶ 24. If the defendant did so, the court grants the defendant leave to file the successive postconviction petition. *Bailey*, 2017 IL 121450, ¶ 24. In conducting the preliminary screening, our supreme court has held the State should not be allowed to participate. *Bailey*, 2017 IL 121450, ¶ 24.

¶ 14        The State concedes it was involved in the circuit court's preliminary screening but contends its involvement was *de minimis*. However, the State does not cite any authority its input

into the circuit court's preliminary screening is not error if it is *de minimis*. Moreover, in this case, the State filed a response to defendant's second motion for leave to file a successive postconviction petition and made arguments at the hearings on the motion itself and defendant's motion to reconsider the circuit court's order. Additionally, the court's rationale for denying defendant's second motion for leave to file a successive postconviction petition mirrors the State's argument in its written response to defendant's motion. Thus, we disagree with the State its participation was minimal.

¶ 15    Since the State participated in the preliminary screening, the next question is to decide what relief defendant should be granted. See *Bailey*, 2017 IL 121450, ¶ 41. In *Bailey*, 2017 IL 121450, ¶ 42, our supreme court invoked judicial economy, reviewed the defendant's motion for leave to file his successive postconviction petition itself, concluded remand was not warranted, and affirmed the circuit court's denial of the defendant's motion for leave to file a successive postconviction petition. We note the supreme court cited its former decision in *People v. Gaultney*, 174 Ill. 2d 410, 675 N.E.2d 102 (1996), as support for its holding the State should not participate in the preliminary screening of cause and prejudice but did not cite *Gaultney* in determining the appropriate remedy when the State does participate. *Bailey*, 2017 IL 121450, ¶¶ 18, 42. After *Bailey*, the districts of the appellate court have split on whether the appellate court may review the motion itself and not remand the cause.

¶ 16    In *People v. Munson*, 2018 IL App (3d) 150544, ¶ 10, 102 N.E.3d 831, the Third District held the appellate court may not conduct its own examination of cause and prejudice and must instead remand the cause to the circuit court. The *Munson* court gave the following rationale for its conclusion:

"Unlike the supreme court, we do not have broad supervisory authority.

- 6 -

[Citation.] Instead, we are authorized to '(1) reverse, affirm, or modify the judgment or order from which the appeal is taken; (2) set aside, affirm, or modify any or all of the proceedings subsequent to or dependent upon the judgment or order from which the appeal is taken; (3) reduce the degree of the offense of which the appellant was convicted; (4) reduce the punishment imposed by the trial court; or (5) order a new trial.' [Citation.] Notably, Illinois Supreme Court Rule 615 does not provide the appellate court with the power to conduct a *de novo* hearing on defendant's motion for leave to file a successive postconviction petition. This is consistent with the [Postconviction] Act, which expressly contemplates the filing of the petition in the 'trial court.' [Citation.] Therefore, we do not have the power under Rule 615 or the [Postconviction] Act to conduct a *de novo* review of defendant's motion for leave." *Munson*, 2018 IL App (3d) 150544, ¶ 10.

¶ 17     The Third District next rendered its decision in *People v. Baller*, 2018 IL App (3d) 160165, 107 N.E.3d 1008, where it adhered to its holding in *Munson*, but each justice wrote separately. Justice Schmidt dissented, disagreeing with *Munson*'s rationale for remand. *Baller*, 2018 IL App (3d) 160165, ¶ 29 (Schmidt, J., dissenting). He noted the following:

"There is nothing novel or unique about affirming the trial court in this case without remand, notwithstanding the trial court's error below. We do it all the time. Again, this has nothing to do with supervisory authority but, rather, with our license to affirm for any reason apparent in the record. I need not cite any case authority for the notion that '*de novo*' is an oft-used standard of review in the appellate court. In plain English, the trial court reviewed and denied defendant's

- 7 -

motion for leave to file his successive postconviction petition. The trial court erred in allowing the State to participate in that decision. Notwithstanding the error, the ultimate judgment of the trial court was correct. We should affirm. We do this thousands of times a year in cases not involving successive postconviction petitions. There is nothing about a successive postconviction petition that would take it out of the realm of garden-variety appellate review. That portion of the *Munson* court's ruling, holding that affirming without remand involves exercise of supervisory authority, appears to be an anomaly in Illinois jurisprudence. As in *Bailey*, the error below was harmless." *Baller*, 2018 IL App (3d) 160165, ¶ 29 (Schmidt, J., dissenting).

In response, Justice Wright, the author of the lead opinion, again emphasized the supreme court's broad supervisory authority granted to it by the Illinois Constitution. *Baller*, 2018 IL App (3d) 160165, ¶ 12. She further pointed out the State's entire seven-page appellee brief argued the defendant had failed to establish cause and prejudice. *Baller*, 2018 IL App (3d) 160165, ¶ 15. Additionally, Justice Wright noted the following:

"[T]he procedural posture of the instant case creates an exception to the general principle that an appellate court may affirm on any basis found in the record. The supreme court has expressly held that the [Postconviction] Act is entirely a creature of statute and all rights derive only from the statute. [Citation.] Further, the supreme court has expressly held that review of a motion for leave to file a successive postconviction petition must be conducted in a venue free from State participation. [Citation.] The only way to honor these holdings is to reset the scales of justice and remand the matter to the trial court for an independent

evaluation of defendant's motion by expressly ignoring the State's input as expressed both in this court and the trial court." *Baller*, 2018 IL App (3d) 160165, ¶ 16.

¶ 18 Justice Holdridge wrote separately, emphasizing the *Bailey* court provided for " 'an *independent determination by the circuit court*.' " (Emphasis in original.) *Baller*, 2018 IL App (3d) 160165, ¶ 22 (Holdridge, J., specially concurring) (quoting *Bailey*, 2017 IL 121450, ¶ 24). He contended the following: "If we affirm the denial of the defendant's motion, it is difficult to say that our decision was not influenced, at least in some respect, by the State's appellate argument against the motion. [Citation.] Such influence from the State would clearly violate the *Bailey* rule." *Baller*, 2018 IL App (3d) 160165, ¶ 23 (Holdridge, J., specially concurring).

¶ 19 After *Baller*, the Third District decided *People v. Lusby*, 2018 IL App (3d) 150189, ¶ 1, 117 N.E.3d 527, *pet. for leave to appeal allowed*, No. 124046 (Jan. 31, 2019), in which the defendant appealed the denial of a motion for leave to file a successive postconviction petition in which he argued his *de facto* life sentence imposed on a crime he committed as a juvenile violated his eighth amendment rights because the circuit court did not consider his age and its attendant characteristics in accordance with *Miller v. Alabama*, 567 U.S. 460 (2012). There, the State filed and argued objections to the defendant's motion for leave to file a successive postconviction petition. *Lusby*, 2018 IL App (3d) 150189, ¶ 12. Despite the State's involvement in the proceedings on the motion for leave, the *Lusby* court first addressed the *Miller* argument and found the defendant's sentence violated the eighth amendment and remanded the case for resentencing. *Lusby*, 2018 IL App (3d) 150189, ¶ 29. It noted the aforementioned finding was dispositive but addressed the remaining issues because they could

occur on rehearing. *Lusby*, 2018 IL App (3d) 150189, ¶ 29. As to the State's objections to the defendant's motion for leave to file a successive postconviction petition, it simply found the State's participation on the motion for leave to file a successive postconviction petition was improper under *Bailey*. *Lusby*, 2018 IL App (3d) 150189, ¶ 33. In January 2019, the Illinois Supreme Court granted the State's petition for leave to appeal. *People v. Lusby*, No. 124046 (Ill. Jan. 31, 2019).

¶ 20        The Third District's most recent decision is *People v. Partida*, 2018 IL App (3d) 160581, ¶ 12, 119 N.E.3d 508, in which it again remanded the case to the circuit court. Justice Holdridge again wrote separately to further expand on his special concurrence in *Baller*. *Partida*, 2018 IL App (3d) 160581, ¶ 17 (Holdridge, J., specially concurring). He asserted the "case should be assigned to a different trial court judge on remand to fully ensure that the judge does not consider the State's previous objection of record and conducts a genuinely independent examination of the defendant's motion." *Partida*, 2018 IL App (3d) 160581, ¶ 17 (Holdridge, J., specially concurring).

¶ 21        Recently, in *People v. Conway*, 2019 IL App (2d) 170196, ¶¶ 15-23, the Second District disagreed with the Third District's holdings in *Munson*, *Baller*, and *Partida*. The *Conway* court found the *Bailey* court's review of the denial of the defendant's motion for leave was not an exercise of the supreme court's supervisory authority. *Conway*, 2019 IL App (2d) 170196, ¶ 15. The *Conway* court noted the *Bailey* court's decision to review the defendant's motion for leave to file a successive postconviction petition was rooted in considerations of judicial economy, which apply with equal force in the appellate court. *Conway*, 2019 IL App (2d) 170196, ¶ 15. It also rejected the *Munson* court's assertion Illinois Supreme Court Rule 615 prohibited the appellate court from reviewing the defendant's motion for leave to file a

successive postconviction petition. The *Conway* court noted the State simply requested affirmation of the circuit court's judgment and Rule 615(b) plainly permits the appellate court to do so. *Conway*, 2019 IL App (2d) 170196, ¶ 19. As to the *Baller* court's observation " 'the [Postconviction] Act is entirely a creature of statute and all rights derive only from the statute,' " the *Conway* court failed to see how appellate review of the preliminary screening of cause and prejudice creates any new right. *Conway*, 2019 IL App (2d) 170196, ¶ 20 (quoting *Baller*, 2018 IL App (3d) 160165, ¶ 16).

¶ 22    Additionally, the *Conway* court explained it did not read *Bailey* to hold a reviewing court must always undertake its own review of whether a defendant has established a *prima facie* showing of cause and prejudice. *Conway*, 2019 IL App (2d) 170196, ¶ 23. "Where the decision to grant or deny leave presents complex issues, a reviewing court may choose to remand to the trial court for a determination that is free from the taint of the State's participation." *Conway*, 2019 IL App (2d) 170196, ¶ 23. On the facts before it, the *Conway* court found the issues were reasonably straightforward and chose to consider whether defendant was entitled to file a successive postconviction petition. *Conway*, 2019 IL App (2d) 170196, ¶ 23.

¶ 23    After reviewing *Bailey* and the subsequent appellate court cases, we agree with the Second District an appellate court may choose for the sake of judicial economy to review a circuit court's denial of a motion for leave to file a successive postconviction petition when the State has been involved. As in *Bailey* and *Conway*, defendant's second motion for leave to file a successive postconviction petition and its supplement are reasonably straightforward, and we find our review is more appropriate than remanding the cause to the circuit court. If we were to find review of defendant's motion for leave was appropriate, defendant asks us to hold his case in abeyance until the supreme court's decision in *Lusby*. However, *Lusby* is still in the briefing

phase, and we find holding the case in abeyance is not warranted.

¶ 24      Here, defendant has failed to make a *prima facie* showing of the cause element. Defendant initially argues his conviction was based on knowing perjury by the victim. In his November 2016 supplement, defendant notes conflicts in the testimony and evidence presented at trial. Such conflicts would have been in the record at the time defendant filed his initial postconviction petition. Defendant appears to cite the United States Supreme Court's decision in *Montgomery v. Louisiana*, 577 U.S. ___, 136 S. Ct. 718 (2016), for the delay in bringing his claim. In *Montgomery*, 577 U.S. at ___, 136 S. Ct. at 732, the Supreme Court announced the new substantive rule announced in *Miller* was retroactive in cases on collateral review. The *Miller* decision addressed mandatory life sentences for juvenile offenders. *Miller*, 567 U.S. at 489. Since defendant was neither a juvenile offender nor serving a life sentence, *Montgomery* and *Miller* are inapplicable here. Thus, defendant could have raised his perjury claim on his initial postconviction petition. Additionally, in his November 2016 supplement, defendant again requested DNA testing and contended his counsel prevented him from testifying, both of which defendant has previously raised.

¶ 25                          III. CONCLUSION

¶ 26      For the reasons stated, we affirm the Sangamon County circuit court's judgment.

¶ 27      Affirmed.

**No. 4-17-0569**

| | |
|---|---|
| **Cite as:** | *People v. Ames*, 2019 IL App (4th) 170569 |
| **Decision Under Review:** | Appeal from the Circuit Court of Sangamon County, No. 01-CF-1027; the Hon. Leslie J. Graves, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Patricia Mysza, and Elizabeth A. Botti, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Daniel K. Wright, State's Attorney, of Springfield (Patrick Delfino, David J. Robinson, and Luke McNeill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |