NOTICE
Decision filed 07/16/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 190246-U

NO. 5-19-0246

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, ) | Appeal from the |
| ) | Circuit Court of |
| Plaintiff-Appellee, ) | Christian County. |
| ) | |
| v. ) | No. 09-CF-37 |
| ) | |
| ADAM L. DILLEY, ) | Honorable |
| ) | Bradley T. Paisley, |
| Defendant-Appellant. ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Boie and Justice Cates concurred in the judgment.

**ORDER**

¶ 1    *Held*: Although the circuit court erred in allowing the State to impermissibly participate at the cause-and-prejudice stage of defendant's successive postconviction petition, we decline to remand defendant's case in the interest of judicial economy. After conducting our own examination of cause and prejudice, we affirm the judgment of the circuit court in finding that defendant has not satisfied the cause-and-prejudice test necessary for the court to grant defendant leave to file a successive postconviction petition.

¶ 2    Defendant, Adam L. Dilley, appeals the Christian County circuit court's May 24, 2019, order denying his motion for leave to file a successive postconviction petition. Defendant requests this court to remand his cause, arguing that the State improperly

1

participated in the circuit court's determination whether to grant defendant leave. For the following reasons, we affirm.

¶ 3                                    I. Background

¶ 4     On March 25, 2009, defendant was charged by information, later supplanted by indictment, with four counts of criminal sexual assault (720 ILCS 5/12-13(a)(1) (West 2008)) (counts I-IV), Class X felonies, for committing acts of sexual penetration by the use of force against his victim on or about March 23, 2009. Defendant was also charged with one count of aggravated criminal sexual assault (*id.* § 12-14) (count V), a Class X felony, for committing an act of criminal sexual assault against the same victim and, in doing so, causing the victim to suffer bodily harm. Defendant, having been previously convicted of criminal sexual assault in Christian County, Illinois (95-CF-24), was subject to mandatory terms of imprisonment of not less than 30 years and not more than 60 years (*id.* § 12-13(b)(2)). The circuit court appointed Mike Havera as trial counsel for defendant.

¶ 5     On October 22, 2009, defendant entered a fully negotiated guilty plea to two counts of criminal sexual assault (counts I and III), both Class X felonies, in exchange for the dismissal of counts II, IV and V. After the State provided the details of the plea offer, the circuit court admonished defendant that, in choosing to plead guilty, he would give up any presumption of innocence, any right to require the State to prove his guilt beyond a reasonable doubt, any right to confront and cross-examine the witnesses against him, and rights to a trial. After defendant acknowledged that he understood the court's admonishments, the court accepted defendant's guilty plea and advised defendant of his

appeal rights. The court sentenced defendant according to the terms of the agreement to concurrent 30-year terms of imprisonment to be served at 85% on counts I and III. Defendant did not file a direct appeal.

¶ 6     On March 22, 2011, defendant filed a *pro se* postconviction petition for resentencing. Defendant argued that he had been "given an excessive and unconstitutional sentence" that amounted to "cruel and unusual punishments" when the circuit court failed to sentence defendant within a range of 6 to 30 years' imprisonment. Defendant also alleged that his trial counsel, Havera, was ineffective for failing to make pretrial objections and prepare a stronger defense, and that the State was guilty of prosecutorial misconduct. Although defendant did not challenge his concurrent sentences, he argued that the court improperly ordered an extended-term sentence. Subsequently, the State filed a motion to dismiss claiming defendant had failed to attach a verified affidavit to support his claims and failed to file a motion to withdraw his plea, a motion to reconsider, or a motion to reduce sentence.

¶ 7     On December 16, 2011, defendant filed a verified affidavit alleging that he and the victim had engaged in consensual sex in defendant's vehicle in exchange for marijuana. Defendant also claimed that he was not advised of the affirmative defense of consent. According to defendant, he would never have pleaded guilty had Havera properly advised him of this defense. In addition, new counsel for defendant, Aaron Calvert, filed an amended postconviction petition that "repeats, realleges and reincorporates" the claims in defendant's March 22, 2011, *pro se* postconviction petition. Specific to the amended petition, defendant alleged that (1) his guilty plea was not knowing and voluntary and

was entered through a misapprehension of the law as to the affirmative defense of consent, (2) there was doubt as to his guilt, and (3) questions related to defendant's competence existed at the time he accepted the State's plea agreement.

¶ 8    On June 5, 2012, the circuit court held an evidentiary hearing on defendant's amended postconviction petition. At the hearing, defendant testified on his own behalf and presented testimony of Francis Parks. The State presented the testimony of Havera.

¶ 9    Defendant testified that he received inadequate representation when Havera failed to inform defendant of the affirmative defense of consent at the time of the plea agreement. Defendant testified that he would not have pleaded guilty had he been properly advised of the defense, given the victim willingly left with him, and the victim voluntarily told defendant that she would "have sex with [him] for the drug marijuana."

¶ 10    Havera also testified. According to Havera, he discussed the affirmative defense of consent with defendant on numerous occasions. Following these conversations, Havera believed defendant understood the context of the defense. Havera also testified to his belief that consent was not a viable defense in defendant's case, given the overwhelming evidence the State intended to produce at trial against defendant. When asked whether defendant "ever rejected the idea of a negotiated plea and st[ood] firm on a demand for trial," Havera responded: "No. He made quite the opposite. After we went over the facts, he wanted me to proceed with negotiations with the State instead." Havera testified that defendant was agreeable to the State's offer of concurrent 30-year terms of imprisonment, provided defendant was aware of the potential for a higher sentencing range if he was found guilty at trial.

4

¶ 11    Lastly, Francis Parks testified. Parks, a manager of an apartment complex where the victim lived at the time of the incident, testified that the victim informed Parks that she had been raped by an African American male in Taylorville, Illinois. Following this conversation, Parks showed the victim a photo of defendant. Parks testified that the victim did not recognize defendant. The circuit court took the matter under advisement at the close of evidence.

¶ 12    In a written order, entered on January 24, 2014, the circuit court denied defendant's amended postconviction petition, finding incredible defendant's claim that he was unaware of the affirmative defense of consent. The court determined that direct and circumstantial evidence existed to support Havera's testimony that he had discussed the possible, although not viable, affirmative defense of consent with defendant prior to defendant accepting the State's plea agreement. Moreover, the court discounted defendant's claims that, in return for drugs, he and the victim had engaged in consensual sex on March 23, 2009, finding the evidence demonstrated that the victim had been found by an officer "crying and screaming that the defendant had raped her." Defendant filed a timely notice of appeal.

¶ 13    On appeal before this court, defendant solely argued that his plea agreement was void where the circuit court incorrectly sentenced him to concurrent, not consecutive, sentences on two counts of criminal sexual assault. This court affirmed the judgment of the circuit court, finding defendant had raised the issue of concurrent sentences for the first time on appeal, thus, the issue was forfeited. See *People v. Dilley*, 2017 IL App (5th) 140088-U. Additionally, this court noted that defendant had failed to address a single

5

issue raised in his *pro se* and amended postconvictions petitions before the appellate court. *Id.* ¶ 12.

¶ 14 On March 21, 2019, defendant filed a motion for leave to file a *pro se* successive postconviction petition. In his *pro se* successive postconviction petition, defendant argued that Attorney Calvert had improperly amended defendant's *pro se* postconviction petition by failing to include specific constitutional claims that defendant had requested. To demonstrate cause to file the successive petition, defendant asserted the following claims: (1) he was not informed he could waive his right to be "prosecuted 'under an information' in accordance with statutory requirements of proceedings under an indictment"; (2) he was denied effective assistance of counsel when Havera failed to conduct a reasonable investigation, subpoena or call the victim for a cross-examination, and failed to present a strong, credible, and viable defense; (3) he claimed actual innocence that his identification was inconclusive, provided "the alleged victim *** told two witnesses for the Defendant that [she was] assaulted by an African-American or a black [g]uy"; (4) he was subjected to cruel and unusual punishment as a result of the circuit court's retroactive application of an amended statute; (5) his conviction was the result of an involuntary guilty plea, given the victim never appeared to testify and the State " 'vouched' for the credibility of the alleged victim"; (6) his right to a fair trial was violated when he was denied his right to present defense evidence, given he had a viable and credible defense that the victim would have corroborated; (7) he claimed all parties, including Havera, the State, and the circuit court judge, were guilty of misconduct; and (8) he received cruel and unusual punishment when the court applied an amended statute

6

retroactively that resulted in a disproportionate sentence. As it relates to prejudice, defendant argued that, had Attorney Calvert properly presented his claims of constitutional violations, his successive petition would have been successful.

¶ 15 Subsequently, the circuit court granted the State 21 days to respond. Shortly thereafter, the State filed a motion in objection requesting the court deny defendant's motion for leave to file a successive postconviction petition.

¶ 16 On May 24, 2019, the circuit court held a hearing on defendant's motion for leave. At the outset of the hearing, the court asked the State if it wished to be heard on its motion in objection. The State requested the court deny defendant's motion because defendant was unable to show any objective factors that would have impeded his ability to raise his claims during the previous postconviction proceedings. In addition, the State asserted that defendant was unable to show prejudice, or, in the alternative, had failed to allege something new for the circuit court to grant his motion. Following defendant's argument in support of his motion, the State, again, asserted that defendant had failed to allege something new, thus, defendant's motion was "rehashing the same arguments that ha[d] been adjudicated and that's not available to him at this point." In denying defendant leave to file a successive postconviction petition, the court determined that the issues raised by defendant in his successive postconviction petition had been previously litigated, he had failed to demonstrate cause for failure to bring the claims in the initial postconviction proceedings, and, as a result, had failed to demonstrate prejudice. See 725 ILCS 5/122-1(f) (West 2014). Defendant filed a timely notice of appeal.

7

¶ 17                                    II. Analysis

¶ 18    Defendant appeals the circuit court's denial of his motion for leave to file a successive postconviction petition, arguing his case presents a "straightforward violation of *People v. Bailey*, 2017 IL 121450" when the State improperly participated in the circuit court's determination whether to grant defendant leave of court to file a successive postconviction petition. The State concedes, and we agree, that its participation at the cause-and-prejudice stage was improper. *Id.* ¶ 24 (circuit court must conduct a preliminary screening and make an independent determination of whether the defendant's motion for leave to file a successive postconviction petition adequately alleges facts that demonstrate cause and prejudice). Because the circuit court is capable of determining whether the defendant's motion demonstrates a *prima facie* showing, there is "no reason for the State to be involved at the cause and prejudice stage." *Id.* ¶ 25. The question before this court remains, however, as to what relief, if any, is appropriate.

¶ 19    Under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(a)(1) (West 2014)), a criminal defendant may assert "in the proceedings which resulted in his *** conviction there was a substantial denial of his *** rights under the Constitution of the United States or of the State of Illinois or both." Because the Act contemplates the filing of a single petition, a criminal defendant must obtain leave of court to file a successive petition. *Id.* § 122-1(f) ("Only one petition may be filed by a petitioner under this Article without leave of the court."). Consequently, a defendant bringing a successive postconviction petition faces immense procedural default hurdles that are lowered only " 'where fundamental fairness so requires.' " *People v. Tenner*, 206 Ill. 2d 381, 392

(2002) (quoting *People v. Flores*, 153 Ill. 2d 264, 274 (1992)). To determine whether the procedural hurdle to filing a successive postconviction petition should be lowered, a court reviews the claim within the petition under a "cause and prejudice" test. *People v. McDonald*, 364 Ill. App. 3d 390, 393 (2006) (citing *People v. Smith*, 341 Ill. App. 3d 530, 535 (2003)).

¶ 20    To establish cause, a defendant must show some objective factor external to the defense that impeded his ability to raise a specific claim during his initial postconviction proceedings. *Tenner*, 206 Ill. 2d at 393. To establish prejudice, a defendant must demonstrate that the claim not raised during his initial postconviction proceedings so infected the trial that the resulting conviction or sentence violated due process. *Id.* A defendant must show both cause and prejudice with respect to each claim raised in his successive petition. *People v. Britt-El*, 206 Ill. 2d 331, 339 (2002). A defendant's motion for leave of court to file a successive postconviction petition should be denied when the defendant's claims fail as a matter of law. *People v. Lusby*, 2020 IL 124046, ¶ 27 (citing *People v. Smith*, 2014 IL 115946, ¶ 35). Our review is *de novo. Id.* (citing *People v. Bailey*, 2014 IL 115946, ¶ 13).

¶ 21    As stated previously, the question before this court is what relief, if any, is appropriate. Defendant argues that, because the State improperly participated at the cause-and-prejudice stage, and this court, unlike the Illinois Supreme Court, lacks supervisory authority, remand is the only remedy available. Although the State concedes that its participation at the cause-and-prejudice stage was improper, contrary to

defendant's position, the State asserts that an appellate court can decline to remand a defendant's case in the interest of judicial economy. We agree with the State.

¶ 22    In *Lusby*, the Illinois Supreme Court declined to remand the defendant's case; rather, in the interest of judicial economy, it undertook its own examination of cause and prejudice. *Lusby*, 2020 IL 124046, ¶ 29 (citing *Bailey*, 2014 IL 115946, ¶ 42). In so deciding, the supreme court agreed that the State should not be permitted to participate at the cause-and-prejudice stage of a successive postconviction petition. *Id.* The supreme court, however, also determined, with reference to *People v. Conway*, 2019 IL App (2d) 170196, ¶ 23 (" '*Bailey* *** indicates that, at least in some cases, considerations of judicial economy militate against remand to the trial court.' "), that, even in the face of a *Bailey* error, a reviewing court may refrain from remanding a case when resolution of a defendant's motion for leave to file a successive petition would be " '[i]n the interest of judicial economy.' " *Lusby*, 2020 IL 124046, ¶ 29 n.1 (citing *Bailey*, 2014 IL 115946, ¶ 42). Accordingly, we will reach the merits of defendant's motion.

¶ 23    Having reviewed defendant's successive petition, we conclude that defendant has failed to satisfy the cause-and-prejudice test. In the successive petition, defendant claimed he was denied effective assistance of counsel when Havera failed to conduct a reasonable investigation, subpoena, or call the victim for cross-examination, and he failed to present a strong, credible, and viable defense. The record supports a finding that defendant previously raised similar ineffective-assistance-of-counsel claims that alleged Havera's failure to make pretrial objections and prepare a stronger defense. Defendant has not pointed to an objective factor that impeded his ability to raise these specific

10

claims in an earlier petition. Accordingly, defendant has failed to meet his burden as required to demonstrate cause under the statute. 725 ILCS 5/122-1(f) (West 2014).

¶ 24 Next, defendant claimed in his successive petition that he was subjected to cruel and unusual punishment because of the circuit court's retroactive application of an amended statute, and, as a result, he received cruel and unusual punishment by way of a disproportionate sentence. Although the State conceded that defendant should have been sentenced to consecutive sentences, forfeiture principles applied, given defendant failed to raise the issue of consecutive sentences in his *pro se* or amended postconviction petition. *Dilley*, 2017 IL App (5th) 140088-U, ¶ 15. Forfeiture aside, this court rejected defendant's argument that his negotiated sentence was void, asserting that *People v. Castleberry*, 2015 IL 116916 (case abolished the "void sentence rule") applied retroactively where defendant's petition was pending on review in the appellate court at the time *Castleberry* was announced. *Dilley*, 2017 IL App (5th) 140088-U, ¶ 16. As such, the issue of retroactively applying an amended statute was addressed and rejected by this court in defendant's appeal from the dismissal of his amended postconviction petition. Accordingly, there can be no cause for failing to raise a claim when the claim was, in fact, raised in a previous proceeding.

¶ 25 Moreover, defendant failed to previously raise on appeal before this court the claim in his initial *pro se* petition that he was subjected to an excessive and unconstitutional sentence. He now puts forth a similar claim in his successive petition that he received a disproportionate sentence. This court, in determining that defendant forfeited the issue of concurrent sentences, affirmed the judgment of the circuit court,

11

denying defendant's amended petition that incorporated his *pro se* petition by reference. Here, defendant fails to show the requisite cause because the claim as it relates to his sentence is barred by *res judicata*. As such, this claim is not the type of claim contemplated by section 122-1(f) of the Act.

¶ 26    Defendant also claims that his conviction was the result of an involuntary guilty plea. Specifically, defendant asserts that the State " 'vouched' " for the credibility of the alleged victim, which denied defendant the opportunity to confront the victim on the stand. We note that defendant raised involuntariness in his amended petition. The circuit court rejected this argument for two reasons in its January 24, 2014, order. First, the court determined defendant's testimony incredible where he claimed he was unaware of the affirmative defense of consent before he accepted the State's plea agreement and pleaded guilty to counts I and III. Second, the court found Havera's testimony credible where Havera attested that he had discussed the affirmative defense of consent with defendant on multiple occasions, and, according to Havera, defendant understood the context of the defense. Additionally, Havera also testified that he did not believe the defense was viable, given the direct and circumstantial evidence that the State intended to present against defendant. Accordingly, defendant has failed to meet his burden of showing that some objective factor external to the defense impeded his ability to raise this specific claim with the previous claims in his amended petition that his guilty plea was not knowing and voluntary and entered through a misapprehension of the law as to the affirmative defense of consent. For this reason, he has waived the right to bring this claim in a successive petition.

¶ 27    Defendant also claims that his right to a fair trial was violated when he was denied his right to present defense evidence, given he had a viable and credible defense that would have been corroborated by the victim. Again, defendant has failed to meet his burden of showing that some objective factor external to the defense impeded his ability to raise this claim in an earlier proceeding. Additionally, his claims are unsupported by the record where the circuit court admonished defendant that, in accepting the State's plea agreement and pleading guilty, he would give up any presumption of innocence, any right to require the State to prove his guilt beyond a reasonable doubt, any right to confront and cross-examine the witnesses against him, and any rights to a trial. Defendant acknowledged that he understood. For this reason, he has waived the right to bring this claim in a successive petition.

¶ 28    Additionally, defendant claims that all parties, including Havera, the State, and the circuit court judge, were guilty of misconduct. This court can find no reason why defendant was prevented by some objective external factor from presenting this claim in an earlier proceeding, provided he claimed prosecutorial misconduct in his initial *pro se* petition.

¶ 29    Moreover, defendant claims he was not informed that he could waive his right to be "prosecuted 'under an information' in accordance with statutory requirements of proceedings under an indictment." We see no reason why the prosecutor procuring an indictment by a grand jury after initially charging defendant by information was a violation of defendant's constitutional rights. See *People v. Freeman*, 162 Ill. App. 3d

13

1080, 1097 (1987) ("defendant has no right to be charged by indictment rather than information"). Accordingly, defendant's claim is meritless.

¶ 30    Lastly, defendant claims actual innocence where his identification was inconclusive, given "the alleged victim *** told two witnesses for the Defendant that [she was] assaulted by an African-American or a black [g]uy." "The elements of a claim of actual innocence are that the evidence in support of the claim must be 'newly discovered'; material and not merely cumulative; and of such conclusive character that it would probably change the result on retrial." *People v. Edwards*, 2012 IL 111711, ¶ 32. In other words, to set forth a "colorable claim of actual innocence," the petition "must raise the probability that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* ¶ 33.

¶ 31    In defendant's amended postconviction petition, he claimed there was doubt as to his guilt. Shortly thereafter, the circuit court held an evidentiary hearing on June 5, 2012, where defendant testified on his own behalf. In addition, defendant presented the testimony of Francis Parks to demonstrate that the victim, after being presented with a photo of defendant by Parks, did not know the defendant. In addition, Parks testified that the victim told she had been raped by an African American male in Taylorville, Illinois. Thus, defendant claimed he was actually innocent. As stated previously, a claim of actual innocence must be "newly discovered" material and not merely cumulative. This claim is not newly discovered. Accordingly, this claim is not the type of claim contemplated by section 122-1(f) of the Act.

14

¶ 32                               III. Conclusion

¶ 33    Although the circuit court erred in allowing the State to impermissibly participate at the cause-and-prejudice stage of defendant's successive postconviction petition, we decline to remand defendant's case in the interest of judicial economy. After conducting our own examination of cause and prejudice, we affirm the judgment of the circuit court of Christian County in finding that defendant failed to satisfy the cause-and-prejudice test necessary for the court to grant defendant leave to file a successive postconviction petition.

¶ 34    Affirmed.