2021 IL App (1st) 192474-U

FIFTH DIVISION
NOVEMBER 5, 2021

No. 1-19-2474

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 05 CR 15498 |
| | ) | |
| STEPHANIE BONDS, | ) | Honorable |
| | ) | Thomas Joseph Hennelly, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE CUNNINGHAM delivered the judgment of the court.
Presiding Justice Delort and Justice Connors concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's judgment denying the defendant leave to file a successive postconviction petition is affirmed.

¶ 2    On September 13, 2019, the defendant-appellant, Stephanie Bonds, filed a *pro se* motion for leave to file a successive postconviction petition in the circuit court of Cook County. The petition alleged, among other issues, that her sentence is unconstitutional in violation of the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art 1. § 11). On September 23, 2019, the circuit court denied Ms. Bonds leave to file the successive postconviction

petition. On appeal, Ms. Bonds argues the trial court erred in denying her motion for leave to file a successive postconviction petition, in that she established both cause and prejudice for failing to bring an as-applied challenge under the proportionate penalties clause in her initial postconviction petition. For the reasons that follow, we affirm the judgment of the circuit court of Cook County.

¶ 3                                                    BACKGROUND

¶ 4      In 2007, Stephanie Bonds was convicted of first-degree murder for killing her 10-week-old son, N.J. She was sentenced to 45 years' imprisonment. Ms. Bonds was 22 years old at the time of the offense. For a full recitation of the facts leading up to Ms. Bonds' conviction, see *People v. Bonds*, 391 Ill. App. 3d 182 (2009). Following her trial and conviction, Ms. Bonds filed a direct appeal, requesting that this court overturn her conviction. However, we affirmed her conviction on April 24, 2009. *Bonds*, 391 Ill. App. 3d 182. On September 21, 2010, Ms. Bonds filed her initial *pro se* postconviction petition alleging that her constitutional rights were violated. In December 2010, that petition was dismissed by the trial court as frivolous and patently without merit. The Office of the State Appellate Defender, who represented Ms. Bonds at that time, filed a motion to withdraw pursuant to *Pennsylvania v. Finley*. This court granted that motion.

¶ 5      On September 11, 2019, Ms. Bonds filed a *pro se* motion for leave to file a successive postconviction petition.[1] It is that matter which is presently before this court. Ms. Bonds' *pro se* petition alleged that various laws had changed since her conviction in 2007. She alleged that relief, which was not available when she was convicted, is now possible. Specifically, she asserts an as-

---

[1]Ms. Bonds technically filed her successive postconviction petition without first seeking leave to do so. The trial court and the parties on appeal treated it as a motion for leave to file a successive postconviction petition. For the sake of clarity, we will also refer and treat it as a motion for leave to file a successive postconviction petition.

applied challenge to her 45-year sentence through the proportionate penalties clause of the Illinois Constitution. In support of her argument, Ms. Bonds cited *Miller v. Alabama*, 567 U.S. 460 (2012), *People v. House*, 2015 IL App (1st) 110580, and *People v. Harris*, 2016 IL App (1st) 141744. These were recent cases which have afforded extra sentencing protections to juveniles and young adults.

¶ 6    On September 23, 2019, the trial court denied Ms. Bonds leave to file her successive postconviction petition. The record does not contain an explanation by the trial court of the reason for its denial.

¶ 7    Ms. Bonds subsequently appealed the trial court's denial of her motion for leave to file a successive postconviction petition. Ms. Bonds filed her notice of appeal on October 24, 2019. The notarized proof of service displays a date of October 16, 2019, and the envelope to the Cook County Clerk's Office was postmarked for October 17, 2019.

¶ 8                                    ANALYSIS

¶ 9                            Jurisdictional Analysis

¶ 10    Before addressing the merits, we *sua sponte* raise the question of whether this court has jurisdiction to consider this appeal, since Ms. Bonds' notice of appeal was filed on October 24, 2019, 31 days after the trial court denied her leave to file a successive postconviction petition. Even though jurisdiction was not raised by the parties, "courts of review have an independent duty to consider jurisdiction." *People v. Lewis*, 234 Ill. 2d 32, 36 (2009). Jurisdiction grants the court the power to interpret and apply the law. *In re M.W.*, 232 Ill. 2d 408, 414 (2009). "A timely filed notice of appeal is necessary to establish this court's jurisdiction." *People v. Lugo*, 391 Ill. App. 3d 995, 997 (2009). Illinois Supreme Court Rule 651(d) (eff. July 1, 2017) provides that appeals

in postconviction proceedings are governed by the rules applying to criminal appeals. As such, under Illinois Supreme Court Rule 606(b) (eff. July 1, 2017), a defendant must file a notice of appeal within 30 days after the entry of an order disposing of the petition.

¶ 11    Here, the trial court entered the order denying Ms. Bonds leave to file her successive postconviction petition on September 23, 2019. Accordingly, she was required to file a notice of appeal by October 23, 2019, 30 days after the trial court's order. The record reveals the filed notice of appeal with a notarized proof of service, which states that Ms. Bonds, who is incarcerated, mailed the notice of appeal on October 16, 2019, and the envelope, which is part of the record, has a postmark date of October 17, 2019. However, the notice of appeal was not file-stamped by the circuit clerk until October 24, 2019, a day after the 30-day filing deadline.

¶ 12    Illinois Supreme Court Rule 373 (eff. July 1, 2017), made applicable to criminal appeals under Illinois Supreme Court Rule 612(b)(18) (eff. July 1, 2017), states:

> "Unless received after the due date, the time of filing records, briefs or other documents required to be filed within a specified time will be the date on which they are actually received by the clerk of the reviewing court. If received after the due date, the time of mailing by an incarcerated, self-represented litigant shall be deemed the time of filing. Proof of mailing shall be as provided in Rule 12. This rule also applies to a motion directed against the judgment and to the notice of appeal filed in the trial court."

¶ 13    Recognizing the potential issues with filing for incarcerated individuals, Illinois Supreme Court Rule 12 (eff. July 1, 2017) states, as follows:

"[I]n case of service by mail by a self-represented litigant residing in a correctional facility, by certification under section 1-109 of the Code of Civil Procedure of the person who deposited the document in the institutional mail, stating the time and place of deposit and the complete address to which the document was to be delivered."

¶ 14    We note that the filed notice of appeal included a notarized proof of service which lists the addresses of the Cook County State's Attorney's Office and the Cook County Circuit Clerk and states that Ms. Bonds placed the documents in the Logan Correctional Center's mail system on October 16, 2019. While Ms. Bonds did not include a certification in accordance with section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109 (West 2018)), the proof of service was signed by Ms. Bonds and "Subscribed and Sworn" before a notary on October 16, 2019. Although the notice of appeal and proof of service were ultimately file-stamped on October 24, 2021, we nonetheless, find that Ms. Bonds' notice of appeal substantially complied with Illinois Supreme Court Rule 12 with a timely filing date of October 16, 2019. See *People v. Liner*, 2015 IL App (3d) 140167, ¶ 17 (stating proper proof of service must substantially comply with Rule 12). Thus, we have jurisdiction to consider this matter.

¶ 15                        Proportionate Penalties Clause

¶ 16    Turning to the merits of the issue before us, Ms. Bonds argues that the trial court erred in denying her leave to file a successive postconviction petition. She alleges that her 45-year sentence violates the proportionate penalties clause of the Illinois Constitution. She claims that, because the court did not take into account her youth and the associated circumstances of youth, when sentencing her in 2007, she has made a *prima facie* showing that her sentence is an unconstitutional

*de facto* life sentence. She argues that such is sufficient to allow her to file a successive postconviction petition. She asks us to vacate the trial court's denial of leave to file her successive postconviction petition and remand the matter for further postconviction proceedings.

¶ 17    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a method by which convicted persons under a criminal sentence can assert that their constitutional rights were violated. 725 ILCS 5/122-1 (West 2018); *People v. Allen*, 2019 IL App (1st) 162985, ¶ 29. The Act generally contemplates the filing of only one postconviction petition, and any claim not presented in the initial petition is subsequently forfeited. 725 ILCS 5/122-1(f) (West 2018); *Allen*, 2019 IL App (1st) 162985, ¶ 29. "[A] defendant faces immense procedural default hurdles when bringing a successive postconviction petition." *People v. Davis*, 2014 IL 115595, ¶ 14. Since successive petitions impact the finality of criminal cases, the default hurdles are only lowered in limited circumstances. *Davis*, 2014 IL 115595, ¶ 14. "Leave of court to file a successive petition should be denied when it is clear from a review of the successive petition and supporting documents that the claims raised fail as a matter of law or are insufficient to justify further proceedings." *People v. Smith*, 2014 IL 115946, ¶ 35.

¶ 18    A court may grant a defendant leave to file a successive postconviction petition if he or she demonstrates *cause* for failing to raise the claim in his or her earlier petition and *prejudice* resulting from that failure. 725 ILCS 5/122-1(f) (West 2018); *Allen*, 2019 IL App (1st) 162985, ¶ 32. Under this cause-and-prejudice test, a defendant must establish *both* cause and prejudice. *Allen*, 2019 IL App (1st) 162985, ¶ 32. " 'Cause' is established when the defendant shows that 'some objective factor external to the defense impeded his ability to raise the claim' in his original postconviction proceeding." *Allen*, 2019 IL App (1st) 162985, ¶ 32 (quoting *People v. Tenner*, 206 Ill. 2d 381,

393 (2002)). " 'Prejudice' is established when the defendant shows that the 'claimed constitutional error so infected his trial that the resulting conviction violated due process.' " *Allen*, 2019 IL App (1st) 162985, ¶ 32 (quoting *Tenner*, 206 Ill. 2d at 393). If the defendant makes a *prima facie* showing of cause and prejudice, the court should grant the defendant leave to file his successive postconviction petition. *People v. Ames*, 2019 IL App (4th) 170569, ¶ 13. This court reviews the denial of a defendant's motion for leave to file a successive postconviction petition *de novo*. *People v. Lusby*, 2020 IL 124046, ¶ 27.

¶ 19    The crux of Ms. Bonds' successive postconviction petition is that her sentence of 45 years' imprisonment is a *de facto* life sentence, which violates the proportionate penalties clause of the Illinois Constitution. Her claim is based on recent case law from the Illinois Supreme Court and this court, concerning the evolving science of brain development in young adults. That evolution of the law has allowed young adult offenders to raise as-applied challenges under the proportionate penalties clause of the Illinois Constitution. See *People v. Daniels*, 2020 IL App (1st) 171738, ¶ 25 (stating the supreme court, in *People v. Harris*, 2018 IL 121932, set in motion a method for young adult offenders to demonstrate, through an adequate factual record, that the tenets of *Miller* apply to them); *People v. Franklin*, 2020 IL App (1st) 171628, ¶ 64 ("[T]he mental and emotional development of a nonjuvenile but still youthful defendant should be considered in assessing his culpability and fashioning an appropriate sentence."); and *People v. Ross*, 2020 IL App (1st) 171202, ¶ 22 (there is a recent trend in treating offenders under 21 years old differently than adults under the law.).

¶ 20    While it is clear that the recent trend in this area has expanded the protections of *Miller*, 567 U.S. 460, it is equally clear that the protections only extend to young adult offenders *under*

*the age of 21. People v. Humphrey*, 2020 IL App (1st) 172837, ¶ 33. Addressing the prejudice prong of the cause-and-prejudice test required for allowing successive postconviction petitions, there is no dispute that Ms. Bonds was *22 years of age* when she committed the offense. Stated another way, the sentencing protections that Ms. Bonds now seeks do not apply to her since she was over the age of 21 at the time of her crime. Ms. Bonds is asking for an extension of *Miller*, 567 U.S. 460, beyond the current Illinois case law. There is only one case from this court in which such an extension was made. See *People v. Savage*, 2020 IL App (1st) 173135 (finding a 21-year-old defendant with a history of drug use and mental health issues fell under the protections of *Miller*). No other cases from this court or the Illinois Supreme Court followed the reasoning of *Savage*. In accordance with direction from our supreme court, this court has consistently limited the tenets of *Miller* to defendants under the age of 21. See *Humphrey*, 2020 IL App (1st) 172837, ¶ 33 (while there has been an expansion of the *Miller* protections, those expansions have been restricted to individuals who were between 18 and 21 years old). If an extension of *Miller* to adult offenders over the age of 21 is to be made, it is best left to our supreme court and the State legislature to make that expansion. *People v. Rivera*, 2020 IL App (1st) 171430, ¶ 27. "[F]or now[,] individuals who are 21 years or older when they commit an offense are adults for purposes of a *Miller* claim." *Humphrey*, 2020 IL App (1st) 172837, ¶ 33.

¶ 21    Additionally, this case is readily distinguishable from *Savage*, 2020 IL App (1st) 173135, and is more akin to *Rivera*, 2020 IL App (1st) 171430, in which this court found that the defendant's arguments amounted to general assertions of youth and impulsivity. There was nothing special as applied to him. *Rivera*, 2020 IL App (1st) 171430. So too is the situation with Ms. Bonds' argument. Similar to the defendant in *Rivera*, Ms. Bonds did not and cannot point to any

impulsivity or peer pressure, which underpinned the murder of her baby. In sum, there is nothing in the facts, circumstances, or existing Illinois law, which carves out an exception for this defendant.

¶ 22    Therefore, Ms. Bonds cannot establish prejudice considering that she was 22 years old at the time of the offense, and so the protections of *Miller* do not apply to her. Thus, the trial court properly denied Ms. Bonds leave to file a successive postconviction petition. Any remaining claims in her postconviction petition that were not raised on appeal are now forfeited. See *People v. McCarty*, 223 Ill. 2d 109, 122 (2006).  We accordingly affirm the trial court's judgment denying Ms. Bonds leave to file her successive postconviction petition.

¶ 23                                          CONCLUSION

¶ 24    For the foregoing reasons, we affirm the circuit court of Cook County's judgment denying Ms. Bonds leave to file a successive postconviction petition.

¶ 25    Affirmed.