2023 IL App (1st) 1192046-U

FIFTH DIVISION
MARCH 31, 2023

No. 1-19-2046

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 05 CR 8598 |
| | ) | |
| DORWIN DAVIS, | ) | Honorable |
| | ) | Alfredo Maldonado, |
| Defendant-Appellant, | ) | Judge Presiding. |

_____

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Delort and Justice Mitchell concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The trial court did not err by denying the defendant leave to file his successive postconviction petition.

¶ 2     On April 8, 2005, the defendant-appellant, Dorwin Davis, was charged by the State with first degree murder, armed robbery, and vehicular invasion. Following a jury trial in the circuit court of Cook County in January 2009, the jury found Mr. Davis guilty of murder and armed robbery, and Mr. Davis was sentenced to 52 years' imprisonment. On February 21, 2019, Mr. Davis requested leave to file a successive postconviction petition, alleging that his sentence

violated the eighth amendment of the United States Constitution and the proportionate penalties clause of the Illinois Constitution because he was 18 years old at the time of the offense and was given a *de facto* life sentence. The trial court denied Mr. Davis leave to file a successive postconviction petition. On appeal, Mr. Davis contends that the trial court erred in denying him leave to file a successive postconviction petition because he presented a *prima facie* case of violation of the Illinois proportionate penalties clause under the cause and prejudice test. For the reasons set forth below, we affirm the ruling of the circuit court of Cook County.

¶ 3                                    BACKGROUND

¶ 4      In January 2009, following a jury trial, the jury found Mr. Davis guilty of murder and armed robbery. Mr. Davis was 18 years old at the time of the offense. For a full recitation of the facts leading up to Mr. Davis' conviction, see *People v. Davis*, 2011 IL App (1st) 090743-U. Mr. Davis appealed his conviction and sentence, and in that appeal, this court vacated Mr. Davis' sentence and remanded the case back to the trial court for resentencing. Upon remand, the trial court ordered a pretrial investigation. Mr. Davis' presentence investigation report reflects that he graduated from high school, which was his highest level of education. The conviction before the trial court was his first arrest and conviction. Mr. Davis, who was 22 years old at the time of sentencing, had a 6-year-old child and prior to the offense was working at a community college. Mr. Davis also stated he was not affiliated with any gangs and did not have any mental health diagnoses. In resentencing, the trial court sentenced Mr. Davis to 46 years for the murder conviction and 6 years on the armed robbery conviction, to be served consecutively, which resulted in an aggregate sentence of 52 years' imprisonment. Notably, Mr. Davis did not include a transcript of the resentencing proceedings in the record before this court.

¶ 5    On February 21, 2019, Mr. Davis requested leave to file a successive postconviction petition, after his initial postconviction petition was denied. In his successive postconviction petition, Mr. Davis alleged that his sentence of 52 years' imprisonment violated the eighth amendment of the United States Constitution and the proportionate penalties clause of the Illinois Constitution. Mr. Davis asserts that his sentence of 52 years was a *de facto* life sentence and since he was 18 years old at the time of the offense, the eighth amendment, as applied to juveniles, was violated when the trial court did not give due consideration to his "youthfulness." We note that throughout Mr. Davis' postconviction petition, he claims that the eighth amendment and *Miller v. Alabama*, 567 U.S. 460 (2012), applies to individuals *18 years old* and younger, seemingly implying that he was a juvenile at the time of the offense.

¶ 6    On August 22, 2019, the trial court denied Mr. Davis leave to file his successive postconviction petition. The court, in its ruling, stated that Mr. Davis did not present any evidence beyond "[his] age, basic information, and general information about brain development," which is necessary to establish an as-applied challenge under the proportionate penalties clause of the Illinois Constitution. The court also found that the eighth amendment of the United States Constitution did not apply to Mr. Davis' circumstances because he was 18 years old at the time of the offense and the eighth amendment applies only to individuals *under the age of 18 years old*. On September 16, 2019, Mr. Davis filed his notice of appeal.

¶ 7                                    ANALYSIS

¶ 8    We first note that we have jurisdiction in this case because Mr. Davis filed a notice of appeal within 30 days from the trial court's August 22, 2019, denial of his request for leave to file a successive postconviction petition. See Ill. S. Ct. R. 651 (eff. July 1, 2017); Ill. S. Ct. R. 606(b) (eff. July 1, 2017).

¶ 9    On appeal, Mr. Davis asserts that the trial court erred by denying him leave to file a successive postconviction petition as he established a viable claim of a violation of the proportionate penalties clause as applied to him.

¶ 10    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)) provides a method by which convicted persons under a criminal sentence can assert that their constitutional rights were violated. *People v. Allen*, 2019 IL App (1st) 162985, ¶ 29. The Act generally contemplates the filing of only one postconviction petition, and any claim not presented in the initial petition is forfeited. 725 ILCS 5/122-1(f) (West 2016); *Allen*, 2019 IL App (1st) 162985, ¶ 29. However, a court may grant a defendant leave to file a successive postconviction petition if he demonstrates cause for failing to raise the claim in his earlier petition and prejudice resulting from that failure. 725 ILCS 5/122-1(f) (West 2016); *Allen*, 2019 IL App (1st) 162985, ¶ 32. Under this cause-and-prejudice test, a defendant must establish *both* cause and prejudice. *Allen*, 2019 IL App (1st) 162985, ¶ 32. " 'Cause' is established when the defendant shows that 'some objective factor external to the defense impeded his ability to raise the claim' in his original postconviction proceeding." *Allen*, 2019 IL App (1st) 162985, ¶ 32 (quoting *People v. Tenner*, 206 Ill. 2d 381, 393 (2002)). And " '[p]rejudice' is established when the defendant shows that the 'claimed constitutional error so infected his trial that the resulting conviction violated due process.' " *Allen*, 2019 IL App (1st) 162985, ¶ 32 (quoting *Tenner*, 206 Ill. 2d at 393). If the defendant makes a *prima facie* showing of cause and prejudice, the court should grant the defendant leave to file his successive postconviction petition. *People v. Ames*, 2019 IL App (4th) 170569, ¶ 13. This court reviews the denial of a defendant's motion for leave to file a successive postconviction petition *de novo*. *Ames*, 2019 IL App (4th) 170569, ¶ 13.

¶ 11    Mr. Davis argues that his 52-year sentence of imprisonment, for an offense he committed while 18 years old, is unconstitutional pursuant to an evolving area of law governing the sentencing of juveniles and young adult offenders. Citing the constitutional prohibition against cruel and unusual punishment, the United States Supreme Court in *Miller* held that mandatory life sentences without the possibility of parole, imposed upon juvenile defendants (those who are under 18 years old), are unconstitutional under the eighth amendment of the United States Constitution because such sentences prevent the trial court from considering the mitigating qualities of youth, such as the defendant's age, background, and mental and emotional development. *Miller*, 567 U.S. at 476, 489.

¶ 12    The Illinois Supreme Court has interpreted *Miller* in a manner applicable to juvenile defendants convicted and sentenced under Illinois law. Under our supreme court's interpretation of *Miller*, a life sentence, whether natural or *de facto*, whether mandatory or discretionary, is unconstitutional for individuals who were under 18 years of age at the time of their offense where the trial court did not consider the mitigating qualities of youth described in *Miller*. *Reyes*, 2016 IL 119271, ¶ 9 ("sentencing a juvenile offender to a mandatory term of years that is the functional equivalent of life without the possibility of parole constitutes cruel and unusual punishment in violation of the eighth amendment"); *People v. Holman*, 2017 IL 120655, ¶ 40 (life sentences, whether mandatory or discretionary, for juvenile defendants are disproportionate and violate the eighth amendment, unless the trial court considers the defendant's youth and its attendant characteristics). And in *People v. Buffer*, 2019 IL 122327, ¶ 40, our supreme court drew the line at 40 years in order for a prison term to be considered a *de facto* life sentence.

¶ 13    Each of the aforementioned cases pertain to *juveniles*; however, the Illinois Supreme Court recently opened the door for young adult offenders to demonstrate that their own specific

5

characteristics at the time of their offense were so like those of a juvenile that the imposition of a life sentence, absent the safeguards established in *Miller*, violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). *People v. Daniels*, 2020 IL App (1st) 171738, ¶ 25; see *People v. Thompson*, 2015 IL 118151, ¶ 44 (the 19-year-old defendant could not challenge his sentence as unconstitutional as applied to him pursuant to *Miller* for the first time on direct appeal but was "not necessarily foreclosed" from asserting the claim in postconviction proceedings).

¶ 14    In *People v. Harris*, 2018 IL 121932, ¶ 1, the Illinois Supreme Court reversed this court's holding that the 18-year-old defendant's sentence of 76 years violated the proportionate penalties clause of the Illinois Constitution. The Illinois Supreme Court explained that because the defendant did not raise his as-applied constitutional challenge in the trial court, the trial court did not hold an evidentiary hearing on that claim and therefore did not make any findings of fact on the defendant's *specific circumstances*. *Harris*, 2018 IL 121932, ¶ 40. The Illinois Supreme Court held that this court erred in finding a constitutional violation because such a finding cannot be made without a developed evidentiary record. *Harris*, 2018 IL 121932, ¶ 40. Thus, the *Harris* court set in motion a method for young adult offenders to demonstrate, through an adequate factual record, that the tenets of *Miller* apply to them individually. *Daniels*, 2020 IL App (1st) 171738, ¶ 25.

¶ 15    Having opened the door for an application of the *Miller* principles to young adult offenders in sentencing, this court has remanded numerous cases for further postconviction proceedings where the defendants, between the ages of 18 and 21, have yet to have the opportunity to ask a court to consider whether they were more akin to juveniles at the time of their offenses. See *People v. Franklin*, 2020 IL App (1st) 171628, ¶ 63 (noting the recent trend in treating offenders under 21 years old differently than adults in remanding the 18-year-old defendant's postconviction petition

for further proceedings); *Daniels*, 2020 IL App (1st) 171738, ¶ 34 (remanding for further postconviction proceedings on the 18-year-old defendant's petition because the law has continued to trend in the direction of increased protections for youthful offenders); *People v. Ross*, 2020 IL App (1st) 171202, ¶ 27 (ordering further proceedings on the 19-year-old defendant's petition to allow the trial court to determine whether the defendant's individual characteristics and circumstances at the time of the offense rendered him functionally younger than 19 years old); *People v. Savage*, 2020 IL App (1st) 173135, ¶ 67 (remanded for further postconviction proceedings because "[a]lthough [the] defendant was seven months past his 21st birthday at the time of his offense," his argument that mental health issues may lower a defendant's functional age finds support in recent case law); *People v. Bland*, 2020 IL App (3d) 170705, ¶ 14 (held that the defendant, who was 19 years old at the time of his offense, pleaded enough facts to warrant further proceedings on his claim that *Miller* applies to him where he had been diagnosed with an antisocial personality disorder and exhibited symptoms similar to characteristics of juveniles).

¶ 16    Notably, Illinois courts consider the sentencing claims of young adult offenders under the proportionate penalties clause of the Illinois Constitution rather than the eighth amendment of the United States Constitution. *Franklin*, 2020 IL App (1st) 171628, ¶ 51. Unlike Illinois, federal courts have drawn a bright line at under 18 years of age to bring a claim under the eighth amendment to the United States Constitution. *Franklin*, 2020 IL App (1st) 171628, ¶ 51. Therefore, young adult offenders under the age of 21 years old must bring their claims under the proportionate penalties clause of the Illinois Constitution. *Franklin*, 2020 IL App (1st) 171628, ¶ 51. In a defendant's postconviction petition, he or she cannot make passing mention of the proportionate penalties clause but must allege *specific circumstances* that qualifies him or her for protection under the Illinois Constitution. *Harris*, 2018 IL 121932, ¶ 40.

¶ 17    Unlike the cases described above, Mr. Davis in this case did not appropriately argue in his petition that his sentence violated the proportionate penalties clause of the Illinois Constitution. His petition did mention the Illinois Constitution in passing, but the petition otherwise *failed to make any detailed arguments pertaining to the proportionate penalties clause*, which would be the appropriate path for relief under the facts of this case. Instead, his postconviction petition mostly argued that his sentence violates *the eighth amendment* of the United States Constitution. While Mr. Davis effectively laid out the case law relevant to eighth amendment arguments, that is not the proper relief for him since he was not a juvenile at the time of the crime. See *Franklin*, 2020 IL App (1st) 171628, ¶ 51 ("This is because federal cases have generally drawn a line at 18 years of age [citation] and because *** the proportionate penalties clause offers a broader path to the same types of relief.").

¶ 18    Assuming *arguendo* Mr. Davis brought his claim under the proportionate penalties clause, his postconviction petition was not sufficient for the court to grant leave for a successive filing. Young adult offenders are not *entitled* to the presumption that the tenets of *Miller* apply to them pursuant to the proportionate penalties clause. *Ruiz*, 2020 IL App (1st) 163145, ¶ 52. Indeed, they must *establish a record* to support their argument, should they choose to pursue relief via that route. Although Mr. Davis in this case made arguments in his petition, regarding the evolution of the caselaw as it is applied to juveniles, most of those arguments were related to relief under the eighth amendment of the United States Constitution and did not address his circumstance as a *young adult offender.* As we have explained, the eighth amendment is not an avenue of relief that is available to the Mr. Davis here. Moreover, in order for a young adult offender to receive sentencing protections pursuant to the proportionate penalties clause of the Illinois Constitution, which would be the appropriate path of relief for Mr. Davis, he must plead and ultimately prove

8

that his *specific and individual characteristics* require the application of *Miller*. *Ruiz*, 2020 IL App (1st) 163145, ¶ 52. Although at the pleading stage Mr. Davis is not required to prove anything, he still needs to plead *some facts* justifying further proceedings. *Ruiz*, 2020 IL App (1st) 163145, ¶¶ 54-55.

¶ 19    In this case, other than alleging that he was 18 years old when he committed his offense and was sentenced to 52 years' imprisonment, Mr. Davis' petition failed to set forth *any* individual characteristics which would require the trial court to apply the sentencing protections set forth in *Miller*. See *Savage*, 2020 IL App (1st) 173135, ¶ 78 (a defendant should make allegations that there were issues *particular to him* at the time of his offense that rendered him functionally younger than his chronological age). Consequently, Mr. Davis' successive postconviction petition, which is the subject of this appeal, was insufficient to satisfy the prejudice prong of the cause-and-prejudice test so as to warrant further proceedings. See 725 ILCS 5/122-1(f) (West 2016) (to establish prejudice, a petitioner must demonstrate that the claim not raised in an initial postconviction proceeding so infected the trial that the resulting conviction or sentence violated due process).

¶ 20    While the law and science, which undergirds the evolving law, moves in the direction of increased protections for young adult offenders, through postconviction proceedings, those seeking such protections must plead *specific and individual characteristics* as related to them. Indeed, the trial court is the appropriate tribunal for development of the factual record, which is why it is paramount for a defendant to allege specific characteristics to enable the trial court to develop the record. *Ross*, 2020 IL App (1st) 171202, ¶ 27.

¶ 21    This is the only way to establish that they are entitled to the protections provided by *Miller* and its progeny as interpreted by the Illinois Supreme Court. The failure to present the factual

allegations necessary to evaluate the tenets of *Miller* and make arguments under the proportionate penalties clause are fatal to Mr. Davis' claim. As a result, Mr. Davis' petition fails to support an as-applied challenge to his sentence under the proportionate penalties clause of the Illinois Constitution. We, therefore, affirm the trial court's order denying Mr. Davis' motion for leave to file a successive postconviction petition.

¶ 22                                         CONCLUSION

¶ 23    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 24    Affirmed.