2021 IL App (1st) 182363-U

FIFTH DIVISION
NOVEMBER 5, 2021

No. 1-18-2363

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 00 CR 7426 |
| | ) | |
| DARIUS DUNCAN, | ) | Honorable |
| | ) | Dennis J. Porter, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE CUNNINGHAM delivered the judgment of the court.
Justices Hoffman and Connors concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's judgment denying the defendant leave to file his successive postconviction petition is affirmed; the trial court's imposition of filing fees and court costs is vacated.

¶ 2    On April 4, 2018, the defendant-appellant, Darius Duncan, filed a *pro se* motion for leave to file a successive postconviction petition in the circuit court of Cook County alleging that his 66-year sentence for murder is unconstitutional. The circuit court denied the defendant leave to file his successive postconviction petition and imposed filing fees and court costs based on its finding that the defendant's filing was frivolous. The defendant now appeals. For the reasons that follow,

we affirm the judgment of the circuit court of Cook County but vacate the fees imposed by the court.

¶ 3                                    BACKGROUND

¶ 4     Following a bench trial in January 2003, the defendant was found guilty of first degree murder, three counts of attempted murder, and unlawful use of a weapon by a felon; he was sentenced to 66 years' imprisonment. The defendant's convictions and sentence arose out of an incident that occurred on July 1, 1999, when the defendant was 22 years old. On April 4, 2018, the defendant filed a *pro se* motion in the trial court seeking to file a successive postconviction petition alleging that his 66-year sentence is unconstitutional, which is the subject of this appeal.

¶ 5     The evidence at the defendant's bench trial established that, on July 1, 1999, Tavares Johnson, Demetrius Johnson, Keith Nevin, and Willie Mullen were working on a go-cart on the corner of Christiana Avenue and Huron Street in Chicago. While they worked on the go-cart, three people walked past them, one of whom they recognized as the defendant. As the defendant and the two others walked past, Willie and Tavares heard what they thought were firecrackers, but then they heard someone say, "they are shooting." The group working on the go-cart then saw the defendant running towards them with a black revolver in his hand. The defendant began shooting directly at them from only a few feet away. The group of friends tried to run from the scene. Demetrius, who was 14 years old, ran across the street in front of the defendant. The defendant started shooting at him. After being shot, Demetrius fell down in the middle of the street. Demetrius was taken to the hospital and later pronounced dead. Willie and Tavares suffered critical injuries from the gunshots. Tavares retains a bullet in his body to this day.

¶ 6    The defendant testified in his own behalf at trial. He testified that he did not initiate the shooting, and that he shot at the group in self-defense after he heard a loud noise that sounded like gun shots. He claimed to have fired his gun without the intention of killing anyone. At the conclusion of the trial, the court found the defendant guilty of one count of first degree murder, three counts of attempted murder, and one count of unlawful use of a weapon by a felon.

¶ 7    Following a presentencing investigation, the case proceeded to sentencing on January 30, 2003. In aggravation, the State cited to the defendant's criminal history and presented a statement from Demetrius' mother regarding the impact of his death on his family. In mitigation, defense counsel described the defendant as a "young man" who could be rehabilitated. Defense counsel also noted that the defendant grew up in a "violent community."

¶ 8    The trial court sentenced the defendant to 50 years' imprisonment for the first degree murder of Demetrius, 6 years for the attempted murder of Keith, 8 years for the attempted murder of Tavares, 8 years for the attempted murder of Willie, and 5 years for unlawful use of a weapon by a felon. The sentences for the attempted murder of Tavares and Willie were ordered to be served consecutively while all the other sentences were ordered to be served concurrently, for a total of 66 years' imprisonment. In sentencing the defendant, the trial court stated that it considered the "outrageous" facts of the case and the "protection of the public" in aggravation. The trial court also noted that the defendant appeared to lack remorse. Citing to the defendant's presentence investigation report, the trial court found the only mitigating factors were that the defendant was employed at the time of the incident and that he did not have a history of committing violent crimes.

¶ 9    The defendant did not file a motion to reconsider sentence or a notice of appeal. He subsequently filed a motion seeking leave to file a late notice of appeal, which was denied by this court.

¶ 10    On February 14, 2006, the defendant filed a *pro se* postconviction petition. His petition alleged that he received ineffective assistance of trial defense counsel for counsel's failure to, *inter alia*, file a timely notice of appeal in order to preserve his appellate rights. That petition is currently pending in the trial court, awaiting a third-stage evidentiary hearing.[1]

¶ 11    On April 4, 2018, the defendant filed a *pro se* motion for leave to file a successive postconviction petition, which is the subject of this appeal.

¶ 12    In his petition attached to the motion, the defendant argued that, because he was a young adult when he committed his crimes, his 66-year sentence is unconstitutional as applied to him pursuant to both the eighth amendment of the United States Constitution and the proportionate penalties clause of the Illinois Constitution. Citing *Miller v. Alabama*, 567 U.S. 460 (2012), *People v. House*, 2015 IL App (1st) 110580, *vacated*, No. 122134 (Ill. Nov. 28, 2018), and other recent legal precedent concerning the sentencing of juveniles and young adults, the defendant averred that his youth and attendant characteristics should have been considered in his sentence. Specifically, the defendant stated: "[A]ccording to *Miller's* precedent, as a 'young adult' [the defendant] should have been given an opportunity to demonstrate that he belongs to the large

---

[1]The defendant's *pro se* postconviction petition advanced to the second stage of proceedings, where he was appointed counsel who filed a supplemental petition. The State moved to dismiss the petition, which the trial court granted in 2015. The defendant appealed the dismissal of his petition. While that appeal was pending, the defendant and the State entered into an agreed disposition for summary remand for a third-stage evidentiary hearing on the sole issue of whether the defendant received ineffective assistance of counsel when his trial counsel failed to file a notice of appeal. This court granted the motion for summary remand on November 6, 2019.

population of juveniles," such evidence would then provide him the sentencing protections afforded to juveniles. In support of his argument, the defendant cited articles regarding the science of brain development in young adults. The defendant further provided specific details about his childhood, including that he grew up in a "disadvantaged community on the Westside of Chicago" and that he was "raised by a single mother, on public aid." The defendant stated that he did not finish high school and that he began abusing drugs and alcohol at 15 years old.

¶ 13    On May 18, 2018, the trial court denied the defendant leave to file his successive postconviction petition. In its order, the trial court stated that *Miller* and its progeny are inapplicable to the defendant since he was 22 years old at the time of his offenses. The trial court's order concluded:

> "While there does appear to be some conflicting opinions within the First District of the Illinois Appellate Court, neither the Illinois Supreme Court nor the [United States] Supreme Court has expanded *Miller* to apply to defendants who are 18 or older. Accordingly, there is no legal basis to compel this court to do so in the instant case."

¶ 14    After denying the defendant leave to file his successive postconviction petition, the trial court imposed filing fees and court costs upon the defendant pursuant to 735 ILCS 5/22-105 (West 2018). The trial court found that the defendant's motion for leave to file his successive postconviction petition was entirely frivolous and lacked merit. Specifically, the trial court found that the defendant's filing: (1) lacked an arguable basis in law or in fact; (2) did not have evidentiary support; and (3) was presented to hinder, cause unnecessary delay, and needless increase in the cost of litigation. The defendant appealed.

¶ 15                                                    ANALYSIS

¶ 16     We note that we have jurisdiction to consider this matter, as the defendant filed a motion

to file a late notice of appeal, which this court granted. Ill. S. Ct. Rs. 606, 651(a) (eff. July 1, 2017).

¶ 17     The defendant presents the following issue for our review: whether the trial court erred in

denying him leave to file his successive postconviction petition. The defendant argues that his

petition made a viable claim that his 66-year sentence violates the proportionate penalties clause

of the Illinois Constitution because the trial court did not take his youth and its attendant

characteristics into account in sentencing him.[2] Specifically, the defendant asserts:

> "In light of recent jurisprudence more clearly defining the contours of
>
> proportionate penalties protections afforded [to] emerging adults by the Illinois
>
> Constitution, [the defendant] has established that his sentence may have been
>
> imposed in violation of those protections, and he should be given a chance to more
>
> fully develop the record to support this claim."

The defendant asks us to vacate the trial court's judgment denying him leave to file his successive

postconviction petition and remand this case for further postconviction proceedings. Additionally,

the defendant claims that the trial court erred in imposing filing fees and court costs against him.

¶ 18     The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) provides

a method by which convicted persons under a criminal sentence can assert that their constitutional

rights were violated. 725 ILCS 5/122-1 (West 2018); *People v. Allen*, 2019 IL App (1st) 162985,

---

[2]Although the defendant argued in his petition before the trial court that his sentence also violates the eighth amendment of the United States Constitution, he does not raise that issue on appeal and acknowledges that that argument is foreclosed. See *People v. Minniefield*, 2020 IL App (1st) 170541, ¶ 37 (the categorical findings made by *Miller* and its progeny under the eighth amendment of the United States Constitution do not apply to those over 18 years old).

¶ 29. The Act generally contemplates the filing of only one postconviction petition, and any claim not presented in the initial petition is subsequently forfeited. 725 ILCS 5/122-1(f) (West 2018); *Allen*, 2019 IL App (1st) 162985, ¶ 29. However, a court may grant a defendant leave to file a successive postconviction petition if he demonstrates cause for failing to raise the claim in his earlier petition and prejudice resulting from that failure. 725 ILCS 5/122-1(f) (West 2018); *Allen*, 2019 IL App (1st) 162985, ¶ 32. Under this cause-and-prejudice test, a defendant must establish *both* cause and prejudice. *Allen*, 2019 IL App (1st) 162985, ¶ 32. " 'Cause' is established when the defendant shows that 'some objective factor external to the defense impeded his ability to raise the claim' in his original postconviction proceeding." *Id.* (quoting *People v. Tenner*, 206 Ill. 2d 381, 393 (2002)). And " '[p]rejudice' is established when the defendant shows that the 'claimed constitutional error so infected his trial that the resulting conviction violated due process.' " *Id.* (quoting *Tenner*, 206 Ill. 2d at 393). If the defendant makes a *prima facie* showing of cause and prejudice, the court should grant the defendant leave to file his successive postconviction petition. *People v. Ames*, 2019 IL App (4th) 170569, ¶ 13. Still, "a defendant faces immense procedural default hurdles when bringing a successive postconviction petition." *People v. Davis*, 2014 IL 115595, ¶ 14. "Leave of court to file a successive petition should be denied when it is clear from a review of the successive petition and supporting documents that the claims raised fail as a matter of law or are insufficient to justify further proceedings." *People v. Smith*, 2014 IL 115946, ¶ 35. This court reviews the denial of a defendant's motion for leave to file a successive postconviction petition *de novo*. *Ames*, 2019 IL App (4th) 170569, ¶ 11.

¶ 19    The defendant's postconviction claim is that his 66-year sentence is a *de facto* life sentence, which violates the proportionate penalties clause of the Illinois Constitution. His claim is premised

on recent case law from the Illinois Supreme Court and this court, based on the evolving science regarding brain development in young adults. This evolution has allowed young adult offenders, in certain circumstances, to raise as-applied challenges to their sentence under the proportionate penalties clause of the Illinois Constitution. See *People v. Daniels*, 2020 IL App (1st) 171738, ¶ 25 (the Illinois Supreme Court, in *People v. Harris*, 2018 IL 121932, set in motion a method by which young adult offenders may demonstrate, through an adequate factual record, that the tenets of *Miller* apply to them); *People v. Franklin*, 2020 IL App (1st) 171628, ¶ 64 ("the mental and emotional development of a nonjuvenile but still youthful defendant should be considered in assessing his culpability and fashioning an appropriate sentence"); and *People v. Ross*, 2020 IL App (1st) 171202, ¶ 22 (there is a recent trend in treating offenders under 21 years old differently than adults under the law).

¶ 20    However, while the recent trend in this area has certainly expanded *Miller's* protections to young adults, the case law upon which the defendant relies to bolster his claim, strictly applies to young adult offenders *under the age of 21*; and it is undisputed that the defendant was 22 years old when he committed the offenses for which he was convicted and sentenced to 66 years. Currently, there is only one reported decision expanding *Miller* protections to a defendant older than 21, *People v. Savage*, 2020 IL App (1st) 173135. Otherwise, this court has consistently limited the tenets of *Miller* to defendants under the age of 21. See *People v. Humphrey*, 2020 IL App (1st) 172837, ¶ 33 (while there has been an expansion of the *Miller* protections, those expansions have been restricted to individuals who were between 18 and 21 years old).

¶ 21    We recognize that the evolving science of brain development may support *Miller* claims for those over 21 at some point in the future. See *id.* But as this court has previously noted, such

an expansion should be made by the legislature or the Illinois Supreme Court. *People v. Rivera*, 2020 IL App (1st) 171430, ¶ 27. "[F]or now[,] individuals who are 21 years or older when they commit an offense are adults for purposes of a *Miller* claim." *Humphrey*, 2020 IL App (1st) 172837, ¶ 33. Additionally, drawing the line at 21 years old is consistent with other aspects of criminal law and societal norms, which consider 21 to be the beginning of adulthood. *Id.*

¶ 22    Thus, while the defendant in this case arguably alleged enough specific details regarding his personal circumstances which might otherwise warrant *Miller* protections, it does not change the fact that he was 22 years old at the time of his offenses. The tenets of *Miller* therefore do not apply to him under the current state of Illinois law. Consequently, he cannot establish prejudice, which is required in order to file a successive postconviction petition. The trial court properly denied the defendant leave to file his successive postconviction petition on those grounds. We affirm the trial court's judgment denying the defendant leave to file his successive postconviction petition.

¶ 23    The defendant challenges the trial court's judgment imposing filing fees and court costs on the basis that his motion was frivolous. He asks that we vacate those fees and costs. The State agrees that the trial court's order imposing filing fees and court costs should be vacated.

¶ 24    "If a prisoner *** files a pleading *** in a case seeking post-conviction relief *** and the [c]ourt makes a specific finding that the pleading *** is frivolous, the prisoner is responsible for the full payment of filing fees and actual court costs." 735 ILCS 5/22–105 (West 2018); *People v. Dixon*, 409 Ill. App. 3d 915, 925 (2011). The purpose of section 22-105 is to compensate courts for some of the expense incurred in adjudicating frivolous petitions for postconviction relief, whether initial or successive. *People v. Alcozer*, 241 Ill. 2d 248, 261 (2011).

¶ 25    While the trial court properly denied the defendant leave to file his successive postconviction petition, that does not necessarily or automatically render his filing frivolous. The statute defines a filing as frivolous where it meets any of several listed criteria. 735 ILCS 5/22–105(b) (West 2018). Relevant here, the trial court found that the defendant's filing was frivolous because it: (1) lacked an arguable basis in law or in fact; (2) did not have an evidentiary support; and (3) was presented to hinder, cause unnecessary delay, and needless increase in the cost of litigation. As discussed *supra*, the defendant was over 21 years old when he committed the crimes at issue and therefore, the tenets of *Miller* do not apply under the current state of Illinois law. However, the defendant nonetheless alleged specific, credible facts demonstrating the hallmarks of youth, which aligns with this evolving area of law. We also note that one case *has* found that the tenets of *Miller* can apply to offenders over 21 years old. Indeed, the trial court even acknowledged that the case law surrounding this issue is "conflicting." That clearly goes against the trial court's finding that the defendant's arguments in support of his petition, lacked an arguable basis in law and did not have any evidentiary support. Additionally, there is no evidence to suggest that the defendant's filing was intended to hinder the court system. Simply put, the defendant's filing was not frivolous. We accordingly vacate the trial court's order imposing filing fees and court costs.

¶ 26                                    CONCLUSION

¶ 27    For the foregoing reasons, we affirm the circuit court of Cook County's judgment denying the defendant leave to file a successive postconviction petition but we vacate the court's order imposing filing fees and court costs.

¶ 28    Affirmed; fees vacated.